|     |                              |                                            |
| --- | ---------------------------- | ------------------------------------------ |
| 1   |                              |                                            |

                       UNITED STATES DISTRICT COURT

                       CENTRAL DISTRICT OF CALIFORNIA


| HUGO JOSE LUA,       | )  | Case No. ED CV 19-758-DOC (SP) |
|                      | )  |                                 |
|    Petitioner,       | )  | MEMORANDUM AND ORDER            |
|                      | )  | SUMMARILY DISMISSING            |
|    v.                | )  | PETITION FOR WRIT OF HABEAS     |
|                      | )  | CORPUS                          |
|                      | )  |                                 |
| FOSS, Warden,        | )  |                                 |
|                      | )  |                                 |
|    Respondent.       | )  |                                 |
|                      | )  |                                 |

## I.

## **INTRODUCTION**

On April 24, 2019, petitioner Hugo Lua, a California state prisoner, filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 ("Petition"). The Petition challenges petitioner's 2008 sentence for carjacking in the San Bernardino Superior Court. Petitioner was sentenced on June 23, 2008 to serve 28 years and 4 months in prison. The Petition raises one ground for relief – that new case law holds the carjacking offense for which petitioner was sentenced is no longer considered a crime of violence, thus requiring petitioner to be resentenced.

Because the Petition is impermissibly successive and time-barred, this action will be dismissed with prejudice.

## II.
## PRIOR PROCEEDINGS

Petitioner previously filed a habeas petition in this Court on March 12, 2013, in case number ED CV 13-461-DOC (JCG), challenging the same carjacking conviction he seeks to challenge in the instant Petition. The petition raised several grounds for relief: ineffective assistance of counsel, jury instruction error, and trial court error. The Court dismissed the petition with prejudice on May 14, 2013 as untimely.

On May 11, 2018, petitioner filed a second habeas petition in this Court in case number ED CV 18-1022-DOC (SP). This second petition did not name a respondent. The petition challenged the same carjacking conviction and raised similar grounds for relief. The Court dismissed the petition with prejudice on July 18, 2018 as time-barred and successive.

On May 17, 2018, petitioner filed a third habeas petition in this Court, one identical to the second petition except it named a respondent, in case number ED CV 18-1065-DMG (JC). The Court dismissed the petition without prejudice on June 1, 2018 for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition.

## III.
## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally precludes second or successive habeas petitions unless certain requirements are met. Section 2244(b) provides, in relevant part,

> (2) A claim presented in a second or successive habeas corpus
> application under section 2254 that was not presented in a prior

application shall be dismissed unless—

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

    The instant habeas Petition, petitioner's fourth, is plainly successive. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (a prior petition dismissed for failure to comply with the statute of limitations renders a subsequent petition challenging the same conviction second or successive for purposes of § 2244(b) and therefore subject to dismissal). A prisoner who wishes to file a second or successive habeas petition first must "'move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Burton v. Stewart*, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (quoting 28 U.S.C. § 2244(b)(3)(A)); *see Gonzalez v. Crosby*, 545 U.S. 524, 530, 125 S. Ct.

2641, 162 L. Ed. 2d 480 (2005) ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet" section 2244(b).). A district court lacks jurisdiction to review the second or successive petition in the absence of authorization from the appropriate court of appeals. *Cunningham v. Davis*, 614 Fed. Appx. 922, 925 (9th Cir. 2015); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).

Here, there is no indication petitioner obtained or even sought permission from the Ninth Circuit authorizing this Court to consider the instant Petition. Instead, petitioner only argues a new Ninth Circuit case found the carjacking law under which petitioner was sentenced is no longer a crime of violence, thus requiring petitioner to be resentenced. Petition at 2 (citing *Solorio-Ruiz v. Session*, 881 F.3d 733 (9th Cir. 2018)).

Petitioner's reliance on *Solorio-Ruiz* is misplaced. That case said nothing about the validity of California's carjacking crime or the validity of a sentence imposed by a California state court for such offense. Instead, it held that California's carjacking offense is not categorically a crime of violence as defined by federal law, and therefore not an aggravated felony for immigration law purposes under 8 U.S.C. § 1101(a)(43)(G). *Solorio-Ruiz*, 881 F.2d at 737-38. *Solorio-Ruiz* in turn relies on *Johnson v. United States*, 559 U.S. 133, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010), in which the Supreme Court held a "crime of violence" or "violent felony" as defined by certain federal statutes requires "*violent* force." *Johnson*, 559 U.S. at 140. *Johnson* is not a decision concerning constitutional law but instead a decision of federal statutory interpretation.

Pursuant to AEDPA requirements, a claim may only be presented in a successive habeas petition if the claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C.

4

§ 2244(B)(2)(A). Petitioner relies on *Solorio-Ruiz*, which is not a Supreme Court decision. *Solorio-Ruiz* also does not in fact support petitioner's argument for resentencing under California law, as just discussed. But even if petitioner were to rely on Supreme Court's decision in *Johnson*, and even if *Johnson* actually supported petitioner's arguments, *Johnson* did not announce a new rule of constitutional law, but merely concerned federal statutory interpretation not applicable here. *Johnson* also was decided in 2010, three years prior to petitioner's first habeas petition, making it not new either. Accordingly, petitioner does not meet the AEDPA requirements to bring a successive petition.

Moreover, even if petitioner met the requirements to bring a successive petition, there is no indication petitioner has sought or received permission from the Court of Appeals to file a successive petition as required by § 2244(b)(3)(A). Therefore, because the Petition is plainly second or successive, the Court will "dismiss[] it in its entirety because [petitioner] failed to obtain the requisite authorization from the Court of Appeals." *Magwood v. Patterson*, 561 U.S. 320, 331, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010).

Finally, even if petitioner had obtained permission from the Ninth Circuit to file a successive petition, the instant Petition would still be time-barred. AEDPA mandates that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); *see also Lawrence v. Florida*, 549 U.S. 327, 329, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007); *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003). After the one-year limitation period expires, the prisoner's "ability to challenge the lawfulness of [his] incarceration is permanently foreclosed." *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002).

The petition that petitioner filed in case number ED CV 13-461 challenged the same judgment from 2008 that petitioner challenges in the instant Petition. In

5

the earlier case, the Court found the AEDPA limitations period expired on May 13, 2010 and petitioner was not entitled to statutory or equitable tolling. Although the limitation period may restart on "the date on which the constitutional right asserted was initially recognized by the Supreme Court" (28 U.S.C. § 2244(d)(1)(C)), as just discussed, the instant Petition does not in fact raise a claim under a new rule of constitutional law. Accordingly, the same limitation period applies in this case as in the earlier petitions, making the instant Petition filed on April 24, 2019 untimely by nearly nine years.

## IV.
## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and this action with prejudice.

DATED: May 31, 2019

_____
HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE